**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 05-0910-PHX-DGC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Arlie Perryman, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 8, 2005, at Defendant's initial appearance in the District of Arizona, the Court reviewed a supplemental report from Pretrial Services dated December 5, 2005, respecting Defendant's apparent failure to comply with conditions of release set upon Defendant's release in the District of Idaho.  In light of the December 5 report's compelling recitation of Mr. Perryman's failure to abide by his conditions of release, the Court directed the Marshal to take Mr. Perryman into custody and announced its intention to set a revocation hearing.  Defense counsel requested that the hearing be set for the next day.

At the December 9 revocation hearing, the Court placed the Pretrial Services Officer under oath and examined the Officer about the Defendant's conduct which was described in the December 5 report.  The Officer testified about Defendant's failure to appear when directed but the testifying officer did not have personal knowledge about these allegations.  The Officer further testified about Defendant's admission to methamphetamine and marijuana use while on pretrial release.  The Court then inquired whether the Government wished to move to revoke

Defendant's pretrial release status.  The Government so moved, but the Court only allowed a petition with respect to allegations that he (1) "not commit any offense in violation of federal, state or local law" and (2) "refrain from use or unlawful possession of a narcotic drug or other controlled substances."  The Court did not allow an allegation that he failed to report to Pretrial Services to go forward given that this allegation was not supported by oath or affirmation upon personal knowledge.

The Court thereupon conducted a revocation hearing and defendant, through counsel, had the opportunity to examine the Pretrial Services Officer.  The Court then heard argument.  Defendant argued that the Court should give him one more chance "to hang himself" in light of the fact that he appeared for his initial court appearance in Arizona, that his appearance in a presently pending state court matter was secured by a $100,000 bond, and the fact that he was expecting his first child within 10 days.

The Court explained to Mr. Perryman in open court in detail its reasons for refusing his request.  Defendant has a prior failure to comply with supervision as his Utah probation was revoked and he has existing warrants for failure to appear.  Moreover, his current drug use, in particular of methamphetamine, renders him inherently unreliable both with respect to his ability to follow any conditions the Court might set and  his potential danger to the community (and indeed his baby).  Defendant's assurance to the Court that he could be trusted to comply with release conditions was undercut by his past record and recent lack of honesty with the Pretrial Services Officer about his drug use.

To his credit, Defendant did appear and the Court is hopeful that this suggests a willingness to address and modify his previous record of failures to comply with Court supervision.  Accordingly, the Court will direct that he be considered for possible placement at Recovery Homes.  Short of that placement, upon the Court's finding by probable cause that Defendant committed the state felony offense of possession of methamphetamine and its finding by clear and convincing evidence that he violated the release condition that he abstain from any use of prohibited substances, the Court concludes that Defendant is unlikely to abide by any

other conditions of release.   IT IS ORDERED that Defendant's pretrial release is REVOKED.

IT IS FURTHER ORDERED that he be evaluated for possible placement at Recovery Homes.

DATED this 13th day of December, 2005.

_____
David K. Duncan
United States Magistrate Judge